UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CR-20007 |
| | ) | |
| J.B. BROWN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

Defendant, J.B. Brown, Jr., filed this Motion to Suppress or in the Alternative Motion in Limine to Bar Evidence (#29) on July 29, 2014, during the first day of The defendant's jury trial. The court denied the motion in part and granted the motion in part on the record in court on July 30, 2014. The court now issues this written order to memorialize it's decision.

*Introduction*

One the first day of the jury trial, shortly after the jury was selected, the defendant orally made a motion to suppress or in the alternative in limine to bar evidence; the evidence being text messages from a cell phone seized near the heroin and firearm which were the crux of the government's case.

As the government pointed out both orally to the defendant's motion at the time it was made, and subsequently in it's written response (#30), the government's Exhibit

List (#21) which was filed more than ten days before the start of trial, listed as Exhibit 15, the Samsung cell phone in question and the photographs of text messages found on that phone.  In other words, defense counsel should have been aware the text messages in question were a potential government exhibit.

Further, the Supreme Court's decision in *Riley v. California*, 134 S.Ct. 2473 (2014), which motivated defense counsel to make the belated motion, was decided on June 25, 2014.  Thus, defense counsel had more than a month before trial to make a motion based upon the Supreme Court's decision in *Riley*.  At a minimum, defense counsel had over a week to file a motion before trial and after the government's exhibit list was filed.

Instead, defense counsel, inexplicably, waited until the *morning of trial* to bring this issue to the court's attention and make such a motion.  This motion is certainly untimely.  However, the court will not deny it based on untimeliness.  The court is denying the motion on the merits.

*The defendant's motion*

The defendant's motion is both bare-bones and broad, perhaps cunningly designed for a court of appeals to find error in this court's rulings.  The motion contains no analysis of *Riley* or explanation of why *Riley* applies to the instant case, despite the presence of a valid search warrant which includes language which would encompass the text messages at issue.  Further, the motion contains a short paragraph with a cursory, summary argument that the text messages should be barred as prejudicial and irrelevant.  Again, neither an explanation nor analysis is included.  Such a motion does

2

not inform the court of the defendant's arguments and does not inform the opposing party of the issues it needs to address. Defense counsel should have filed his motion weeks before the trial and should have prepared a more thorough, detailed motion explaining his arguments and the case law or rules of evidence that supported said arguments. Nevertheless, within this context, the court will attempt to further explain its earlier ruling.

Being generous, the defendant's motion makes three main arguments: (1) the defendant's cell phone was improperly seized and searched in violation of the Fourth Amendment to the U.S. Constitution as articulated in the recent U.S. Supreme Court decision of *Riley v. California*; (2) in the alternative, the prejudice the defendant would suffer from the text messages' introduction far outweighs the probative value, and thus should be barred under Federal Rule of Evidence 403; and (3) the government cannot authenticate the text messages in conformity with Federal Rule of Evidence 901(a) and (b)(6).

### *Riley v. California*

First, the court would note that there is a standing issue with regard to the defendant's motion and the defendant's claim that the seized phone did not belong to him. The defendant cannot have it both ways where he claims "it's not my phone, but I want to suppress the phone if it is." However, even if the defendant does have standing, the motion to suppress must still be denied.

The defendant argues that law enforcement search of the Samsung cellular

telephone recovered in the 7453 E. 1st Street, St. Anne, Illinois address violated the Fourth Amendment as interpreted by the U.S. Supreme Court in *Riley*. *Riley* dealt only with "how the search incident to arrest doctrine applies to modern cell phones" and the Court held only that "officers must generally secure a warrant before conducting such a search." *Riley*, 134 S.Ct. at 2484-85. The Court did not hold that "the information on a cell phone is immune from search[,]" but rather "that a warrant is generally required before such a search, even when a cell phone is seized incident to arrest." *Riley*, 134 S.Ct. at 2493.

Here, the search in question was not a warrantless search. The search warrant specifically allowed for the search and seizure of the house and the "following instruments, articles and things which have been used in the commission of or which constitute evidence of the offense" and included "telephones, cellular telephones, pagers, and personal electronic notebooks." The warrant authorized the seizure of "records, books, receipts, lists of customers and drug sources, records of drug debts, records relating to illicit drug transactions…" In *Riley* there was no warrant and the defendants were searched incident to arrest for: (1) a traffic stop, which led to a warrantless search incident to arrest of a cellphone's contents and connected the defendant to an earlier shooting; and (2) an observed drug sale which led to a warrantless search incident to arrest of a cellphone's contents and eventually to a search of the defendant's home for drugs.

In the instant case, however, there was a warrant that specifically listed

4

cellphones to be seized and any other records, electronic or otherwise, of drug transactions. This is not the same situation as *Riley*, and thus the motion should be denied on this ground.

Further, even if *Riley* applied to suppress the cell phone, the search was conducted well before *Riley* was issued, and under U.S. Supreme Court precedent, where the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply. *Davis v. United States*, 131 S.Ct. 2419, 2429 (2011); *United States v. Gutierrez*, — F.3d —, 2014 WL 3728170, (7th Cir. July 29, 2014). The Seventh Circuit has allowed cell phones to be searched incident to arrest prior to *Riley* and there is no evidence here the officers were acting in bad faith. *See United States v. Flores-Lopez*, 670 F.3d 803, 809-10 (7th Cir. 2012) (court allowed warrantless search incident to arrest of cell phone on defendant's person where law enforcement merely obtained cell phone's number, but not contents, leaving that question open).

Law enforcement, in this instance, had an objectively reasonable reliance on what was at the time binding appellate precedent. Regardless, *Riley* does not apply, as in this instance the officers were operating under a valid warrant that allowed for the seizure of cell phones and "records relating to illicit drug transactions" that were "either written or electronic."

<u>Rule 403</u>

The defendant next argues that the cell phone messages should be suppressed

5

pursuant to Federal Rule of Evidence 403. The defendant argues that the text messages are not relevant under Rule 403 and that the contents of the messages, which the defendant concedec were "drug talk", suggests other crimes and that whatever probative value the messages contained is greatly outweighed by their prejudicial effect.

The government responds that the phone is directly connected to the crime charged, in that there was evidence of drug dealing in the same room where the drugs, firearm, and other drug paraphernalia were seized.

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A pro-forma recitation of the Rule 403 balancing test does not allow a reviewing court to conduct a proper review of a district court analysis, thus, to avoid this trap, the district court should carefully analyze the prejudicial effect of the evidence, and provide a considered explanation of its reasons for admitting the evidence. *United States v. Eads*, 729 F.3d 769, 777 (7th Cir. 2013).

The court held a hearing pursuant to Federal Rule 104, outside of the jury's presence to determine whether the text messages should be admitted under Rule 403. The government called Special Agent Andrew Mackin to the stand to testify concerning the cell phone he located in the bedroom of the searched home. Mackin testified that he

found the black Samsung flip phone in the southeast bedroom on a west wall shelf underneath the television. After seizing the phone, Mackin searched the phone for text messages and took photographs of the found messages. Mackin took photographs of text messages containing language suggestive of drug deals. The text message dates ranged from May 21, 2013 (Exhibit 15J) to June 16, 2013 (Exhibit 15C, just ten days before the execution of the search warrant). Mackin testified that, based on his training and experience, the language in the text messages was indicative of drug sales. Mackin admitted that he had no knowledge of who actually sent the text messages. Mackin testified that the messages would be evidence of "other crimes." Mackin seized the phone because it had drug talk on the text messages and because he believed it to be authorized in the scope of the search warrant, which called for the seizure of "electronic media."

Having heard the government's evidence proffer relating to the text messages, and the arguments of the parties, the court grants in part, and denies in part, the defendant's motion in limine. The court notes that all probative, relevant evidence is to some extent prejudicial. Rather, the question is whether the probative value, in this case that of the text messages under consideration, is substantially outweighed by the prejudicial impact of those messages, *i.e.* would admission of the messages be unfairly prejudicial to the defendant.

The court finds all of the messages, excluding the message from May 21, 2013 (Exhibit 15J), to be relevant and that their probative value is neither substantially

outweighed by the prejudicial impact of the evidence, nor are those messages unfairly prejudicial.

In this case, the charged offense took place June 26, 2013. The text messages (other than the May 21 message), placed in the context of the evidence already admitted into the record, are all arguably evidence of drug trafficking. It is true that there is nothing to directly tie the defendant to the cell phone, and he is certainly free to argue that the phone does not belong to him. Such an argument, however, is not determinative of the relevance of the evidence in question, nor is it determinative of the text messages' prejudicial impact. The argument that the texts appear to be evidence of drug trafficking is further corroborated by the other evidence in the record indicating distribution quantities of heroin, along with plastic baggies, scales, and large amounts of cash found in the area of the cell phone. From such evidence the trier of fact could infer that the text messages were of one piece with the scales, baggies and cash, and that the heroin found in the house was intended to be distributed in street distribution as opposed to being transferred in bulk or wholesale amounts.

Defense counsel, at the Rule 104 hearing, also raised a Federal Rule of Evidence 404(b) argument, which was not raised in the written motion (#29). Rule 404(b), a rule of exclusion, states that evidence of a defendant's prior bad acts is not admissible if entered simply to show the defendant's propensity to commit the crime with which he is charged. *United States v. Baker*, 655 F.3d 677, 681 (7th Cir. 2011). The court employs a four-part test to determine whether evidence of prior conduct is admissible under Rule

404(b), taking into consideration the following factors: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Baker*, 655 F.3d at 681-82.

The court finds the text messages are not 404(b) evidence. While the messages are certainly evidence of potential criminal conduct by someone, it cannot be said they are definitive evidence of other crimes by the defendant. As defense counsel has argued, there is nothing to tie the defendant to the phone and the defendant is not admitting it is his phone. The texts are evidence of *someone,* perhaps in the home at the time, receiving drug transaction requests, but the messages do not indicate that person was the defendant.

Conversely, if the government had provided subscriber records and had positively identified the defendant as the owner of the phone, the defendant would have a much stronger argument that this was 404(b) evidence.

The text messages are allowed into evidence because they were all sent during an abbreviated, short period immediately prior to the execution of the search warrant and thus were consistent with a person who has a quantity of heroin and is slowly selling (distributing) portions of it. (The evidence in record is that the heroin is sold in very

small quantities, weighing a tenth of a gram and looking like "marbles" in the baggies, which the court finds to be consistent with the text messages). In other words, the text messages and the evidence represent one continuous act of possession with the intent to distribute, which terminated, and from which these charges arise, with the execution of the search warrant on the date charged, June 26, 2013.

Reasonable inferences can be made by the trier of fact that all of this evidence combined together indicates that the heroin was possessed with the intent to distribute. Such evidence would include all of the text messages except the May 21, 2013 message (Exhibit 15J), which the court finds is too far in the past to be relevant to this specific charge with the June 26 date.

As for the defendant's "authentication" argument, the court finds that Mackin's testimony properly authenticated that the photographs of the text messages are accurate representations of the text messages on the seized phone. Defense counsel conceded in court that, for those purposes, authentication was satisfied. The court agrees with the defendant that Mackin's testimony did not conclusively establish who sent or received the messages.

IT IS THEREFORE ORDERED:

The defendant's Motion to Suppress or in the Alternative Motion in Limine to Bar Evidence (#29) is DENIED in part and GRANTED in part. The motion to suppress is DENIED in its entirety. The motion in limine is GRANTED as to the May 21, 2013 text message, but DENIED as to all the other text messages.

ENTERED this 11th day of  August , 2014.


                                    s/ COLIN S. BRUCE  
                                  U.S. DISTRICT JUDGE